# EXHIBIT A

Cole J. Schlabach (Bar No. AZ-026364)
cole.schlabach@us.dlapiper.com
**DLA PIPER LLP (US)**
2525 East Camelback Road Suite 1000
Phoenix, Arizona 85016-4232
Tel: 480.606.5100
Fax: 480.606.5101
DLAPHX@us.dlapiper.com

Christopher George Oprison (*pro hac vice*)
chris.oprison@us.dlapiper.com
Jordan Allyn Ziegler (*pro hac vice*)
jordan.ziegler@us.dlapiper.com
**DLA Piper LLP (US)**
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131-5341
Tel: 305.423.8558
Fax: 305.513.5728
*Attorneys for Defendant*
*American Fitness Wholesalers, L.L.C.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>American Fitness Wholesalers, L.L.C., doing business as A1Supplements, a Tennessee corporation,<br><br>Defendant. | Case No. 2:18-cv-04189-PHX-JAT<br><br>**AFFIDAVIT IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** |

I, Cole J. Schlabach, of full age, hereby affirm and state as follows:

1. I am an attorney licensed to practice law in the State of Arizona. I am over the age of 18 years and am, in all respects, competent to make this affidavit. I submit this Affidavit in Support of American Fitness Wholesalers, L.L.C., doing business as A1Supplements' ("A1") Motion for Attorneys' Fees. This affidavit is based upon my

personal knowledge and, if called upon to testify, I could and would competently testify to the following:

2. I am an attorney at DLA Piper LLP (US) ("DLA"), attorney for A1 in the above-captioned litigation (the "Litigation").

3. In my capacity as an attorney for A1, I am familiar with the nature of the Litigation, the pleadings and other papers filed in the Litigation, and I have reviewed all of the time entries billed to A1 in the Litigation by DLA.

4. I, Cole J. Schlabach, am an associate with DLA practicing out of the firm's office in Phoenix, Arizona. I received my Bachelor of Arts, *summa cum laude*, from Arizona State University in 2005, graduated *summa cum laude*, Order of the Coif, from Arizona State University Sandra Day O'Connor College of Law in 2008. I practice in the area of commercial litigation. I have been practicing at DLA since November 2011; prior to that time, I was an attorney at the law firm of Snell & Wilmer, LLP. I have performed work on A1's behalf in the Litigation as described in the attached **Exhibit 1**, an Itemized Statement of Attorneys' Fees. My hourly billing rate charged to A1 for services provided in connection with this Litigation is $690.00 per hour, which reflects a discount from my standard rate. A1 has agreed to pay these rates for my services.

5. Christopher G. Oprison is a partner with DLA, and is a litigator practicing out of the firm's office in Miami, Florida and Washington, DC. Mr. Oprison's practice focuses on bet-the-company complex commercial litigation and government enforcement work. He received his Bachelor of Arts, with honors, from UCLA in 1994, and graduated with honors from the George Washington University Law School in 1997. Prior to joining DLA in 2017, Mr. Oprison practiced litigation at Akerman LLP, in Miami, Florida and Washington D.C., and with Skadden, Arps, Slate, Meagher & Flom, LLP in Washington, DC. Mr. Oprison has also served in various branches of the federal government, including as a presidential appointee. From 2006 through 2008, Mr. Oprison served as an Associate Counsel and Special Assistant to President George W. Bush. Mr. Oprison also held

clerkships for the late-Judge Fred I. Parker of the US Court of Appeals for the Second Circuit (2002-2003), and then-Chief Judge Terrence W. Boyle of the US District Court for the Eastern District of North Carolina (1997-1998). He also served in the United States Marine Corps as a Judge Advocate/Prosecutor (1998-2002). Mr. Oprison performed work on A1's behalf in the Litigation as described in **Exhibit 1**. Mr. Oprison' hourly billing rate charged to A1 for services provided in connection with this litigation is $890 per hour.[1] A1 has agreed to pay these rates for Mr. Oprison's services.

6. Kate Benveniste is an associate with DLA, and has been licensed to practice law in Arizona for more than eight years. Ms. Benveniste received her J.D. from Arizona State University Sandra Day O'Connor College of Law in 2009. She practices in the area of commercial litigation. Ms. Benveniste performed work on A1's behalf in the Litigation as described in **Exhibit 1.** Her hourly billing rate charged to A1 for services provided in connection with this Litigation is $650.00 per hour. A1 has agreed to pay these rates for her services.

7. Jordan Ziegler is an associate with DLA, and is a litigator practicing out of the firm's office in Miami, Florida. Mr. Ziegler received his J.D. from the University of Florida in 2015. Mr. Ziegler performed work on A1's behalf in the Litigation as described in **Exhibit 1.** His hourly billing rate charged to A1 for services provided in connection with this Litigation is $350.00 per hour. A1 has agreed to pay these rates for his services.

8. Debra Rutschman is a former senior paralegal with DLA, having joined the firm in 2007. Prior to that time, Ms. Rutschman was a paralegal with the firms Squire, Sanders and Dempsey LLP and, prior to that, Mohr Hackett. Ms. Rutschman has performed services on A1's behalf as described in the attached **Exhibit 1**. Her hourly billing rate charged to A1 for services provided in connection with this Litigation is

---

[1] Mr. Oprison's rate of $890.00 reflects a mid-year increase in his rate. While the original fee agreement with A1 reflects a rate for Mr. Oprison as $755.00, the increased rate was reflected in all invoices sent to A1 during the relevant time period from September, 2019. If requested by the Court, A1 and DLA will provide copies of any relevant invoices for the Court's *in camera* review.

$355.00 per hour. A1 has agreed to pay these rates for Ms. Rutschman's services.

9. Attached as **Exhibit 1** to this Affidavit is an Itemized Statement of Fees, which contains a detailed description of the services provided by DLA's attorneys in connection with successfully defending Counts 1 and 3 of the Plaintiff's Amended Complaint in this litigation, including time incurred by Mr. Ziegler and Ms. Benveniste researching issues related to dismissal of Counts 1 and 3 of the Plaintiff's original complaint, which were necessarily utilized in dismissing Counts 1 and 3 of the Plaintiff's Amended Complaint.

10. **Exhibit 1** states the date the work was performed, identifies the individual who performed it, describes the work performed, and states the amount of time the attorneys spent on the work performed. The information for this exhibit was taken from the billing statements DLA has submitted to A1, and all of it reasonably relates to A1's efforts to dismiss Counts 1 and 3 of the Amended Complaint. The billing statements were prepared from the contemporaneous time records of the various timekeepers identified herein and accurately reflect the fees incurred relating to DLA's efforts to successfully defend the Litigation.

11. A1 agreed to pay the hourly rates that DLA charges to A1 for DLA's services, which are discounted from DLA's standard hourly rates.

12. As an attorney practicing at DLA in the Phoenix area, I am familiar with the prevailing market rates in Phoenix, Arizona. I have consulted with other attorneys with regard to the prevailing market rates in Phoenix, Arizona, and have reviewed fee applications submitted by various law firms in Phoenix, Arizona.

13. The United States District Court for the District of Arizona has previously recognized the rates charged by DLA's Phoenix office as reasonable, and has awarded similar fees to those charged by DLA's attorneys here. For example, Judge David G. Campbell, in *Federal Nat. Mortg. Assoc. v. Home*, No. CV-11-01277-PHX-DGC, 2012 WL 10685 (D. Ariz. Jan. 3, 2012), issued an order awarding attorneys' fees of $70,192.50

(for the successful prosecution of a case resulting in a default judgment) based on a motion filed by attorneys from DLA, and finding "the requested fees and costs to be reasonable and appropriate." I reviewed the Motion for Attorneys' Fees in that matter, which was submitted over eight years ago, and the hourly attorney rates charged by DLA and awarded in that case were between $525 and $665 per hour, as well as $280 per hour for paralegal time. *See* Order, No. CV-11-01277-PHX-DGC [Doc. 52], attached hereto as **Exhibit 2**.

14. Similarly, DLA was awarded $221,451.17 in "reasonable attorneys' fees" on February 17, 2012 by Judge Neil V. Wake of the United States District Court for the District of Arizona, in *Veolia Transportation Services, Inc. v. Lydia Evanson and Greg Evanson*, No. CV 10-01392-PHX-NVW (D. Ariz., Feb. 17, 2012). The Order awarding attorneys' fees in that matter is attached hereto as **Exhibit 3**. I reviewed the Motion for Attorneys' Fees in that matter as well. Rates charged by lead counsel Mark Nadeau in that matter was $750 per hour. Rates for senior-level associates with similar experience to myself ranged between $459.38 and $520 per hour during that same time-frame.

15. Based on my knowledge and review of orders issued by the United States District Court for the District of Arizona, I believe the rates charged by DLA for services performed on A1's behalf in the Litigation are reasonable for the services provided and success obtained and are within the range of reasonable rates in the Phoenix market.

16. The summary attached as **Exhibit 1** states the date the work was performed, identifies the individual who performed the work, describes the work performed, and states the amount of time each DLA attorney and paralegal spent on the work performed.

17. The summary attached as **Exhibit 1** was prepared from contemporaneous time records of the DLA attorneys identified herein, and accurately reflect the fees incurred relating to DLA's efforts on A1s behalf in the Litigation.

18. The summary attached as **Exhibit 1** does not include attorneys' fees incurred on A1's behalf in this Litigation by DLA attorneys and paralegals for which A1 does not seek to recover from Plaintiffs, including over $100,000.00 incurred in connection with

4

preparing and arguing the Motion to Dismiss the original Complaint.

19. I have reviewed the time records of the DLA attorneys identified herein, which were used to prepare **Exhibit 1**. In connection with the review of these time records, I removed unnecessary and excessive time and time spent on collateral matters from **Exhibit 1** and A1 does not seek to recover herein unnecessary and excessive time or time spent on collateral matters.

20. The attorneys' and paralegals' fees that A1 seeks to recover from Plaintiffs were incurred beginning in August 2019 in connection with the following tasks: (i) reviewing and analyzing the order dismissing the original Complaint; (ii) communications and attempted negotiations with opposing counsel concerning filing of the Amended Complaint; and (iii) drafting and filing the Motion to Dismiss the Amended Complaint (Doc. 31) and the Reply in Support of the Motion to Dismiss the Amended Complaint (Doc. 33), and related legal research in support of those filings. A1 also seeks to recover $5,840 in attorneys' fees incurred in February 2019 related to researching issues concerning dismissal of the original Complaint that were necessary for dismissal of Counts 1 and 3 of the Amended Complaint.

21. A1 does not request an attorneys' fee award for the following: (i) preparing the Motion to Dismiss Plaintiff's original Complaint; (ii) time incurred in determining the existence of insurance coverage related to this Litigation; (iii) time incurred by A1's counsel clearing conflicts; (iv) time incurred by paralegals related to document/file management; and (v) time incurred on administrative tasks by project assistants, time not billed to A1, and/or time unrelated to this matter.

22. The total amount of attorneys' fees billed to and that has been and will be paid by A1 in this matter thus far will exceed $184,000; thus, the amount sought includes a reduction of over 61% in the amount of fees that will actually be paid in this matter. The total amount of attorneys' fees and costs for which A1 seeks recovery in the Motion for Attorneys' Fees and Costs is $70,073.

5

23. I submit this Affidavit in support of A1s Motion for Attorneys' Fees.

24. I affirm that the fees and costs identified herein and in the Motion for Attorneys' Fees and Costs were necessarily incurred in this Litigation and that the services for which fees have been charged were actually and necessarily performed in this Litigation.

Further, affiant sayeth not.

Executed this 24th day of January, 2020, in Phoenix AZ.

By: _____
Cole J. Schlabach

STATE OF ARIZONA             )
                             ) ss
COUNTY OF MARICOPA           )

Subscribed and sworn to before me this 24th day of January, 2020, by Cole J. Schlabach.

_____
Notary Public

My Commission Expires:

8/27/2020

PATRICIA KELLY
Notary Public - Arizona
Maricopa County
My Comm. Expires Aug 27, 2020

6

# EXHIBIT 1

| | | | **FEES** | |
|---|---|---|---|---|
| **DATE** | **TIME (hours)** | **VALUE ($$)** | **DESCRIPTION** | **ATTORNEY/PARALEGAL** |
| 2/19/2019 | 5 | $3,250.00 | Conduct legal research re: Lanham Act and False Marking claims. | Benveniste, Katherine |
| 2/21/2019 | 3 | $1,050.00 | Conduct legal research re: pleading issues, Lanham Act, and False Marking claims. | Ziegler, Jordan |
| 2/22/2019 | 1.7 | $595.00 | Conduct additional legal research re: Lanham Act. | Ziegler, Jordan |
| 2/24/2019 | 2.7 | $945.00 | Conduct legal research re: standing issue. | Ziegler, Jordan |
| 8/15/2019 | 0.6 | $414.00 | Review Order granting Motion to Dismiss; confer with team re: same. | Schlabach, Cole |
| 8/16/2019 | 0.2 | $138.00 | Written communications with opposing counsel re: dismissal. | Schlabach, Cole |
| 8/20/2019 | 0.7 | $623.00 | Prepare for and participate in meet and confer call with opposing counsel re: dismissal and potential resolution. | Oprison, Christopher |
| 8/20/2019 | 0.5 | $345.00 | Prepare for and participate in meet and confer call with opposing counsel re: dismissal and potential resolution. | Schlabach, Cole |
| 9/13/2019 | 0.6 | $414.00 | Review Response to Motion to Extend Deadline and finalize same for filing; correspondence from opposing counsel re: extension request; strategize re: potential resolution. | Schlabach, Cole |
| 9/13/2019 | 1.7 | $1,513.00 | Draft, revise Response to Motion for Extension of Time and coordinate filing of same; meet and confer call with opposing counsel. | Oprison, Christopher |
| 9/18/2019 | 1.6 | $1,104.00 | Review, analyze Plaintiff's Amended Complaint; analyze issues; make recommendations re: Motion to Dismiss. | Schlabach, Cole |
| 9/20/2019 | 2 | $1,780.00 | Review, analyze Plaintiff's Amended Complaint and modifications/alerations from origianl complaint; strategize re: Motion to Dismiss; update client. | Oprison, Christopher |
| 9/20/2019 | 5.8 | $4,002.00 | Conduct supplemental legal research re: Lanham Act and False Marking claims; prepare detailed outline for Motion to Dismiss. | Schlabach, Cole |
| 9/23/2019 | 5.8 | $4,002.00 | Draft Motion to Dismiss Amended Complaint. | Schlabach, Cole |
| 9/24/2019 | 1.7 | $1,173.00 | Conduct supplemental legal research re: Lanham Act and False Marking claims. | Schlabach, Cole |
| 9/25/2019 | 1 | $690.00 | Continue drafting Motion to Dismiss Amended Complaint. | Schlabach, Cole |
| 9/27/2019 | 4.8 | $4,272.00 | Review, revise early draft Motion to Dismiss; confer with Cole Schlabach re: Motion, edits. | Oprison, Christopher |
| 9/27/2019 | 10.2 | $7,038.00 | Continue drafting, revising Motion to Dismiss Amended Complaint; confer with Chris Oprison re: same. | Schlabach, Cole |
| 9/28/2019 | 0.8 | $552.00 | Revise Motion to Dismiss Amended Complaint. | Schlabach, Cole |

| Date | Hours | Amount | Description | Attorney |
|---|---|---|---|---|
| 9/30/2019 | 4.8 | $4,272.00 | Review, revise Motion to Dismiss Amended Complaint; confer with Cole Schlabach re edits to brief; provide update to client. | Oprison, Christopher |
| 9/30/2019 | 4.6 | $1,633.00 | Legal cite check and review of Motion to Dismiss Amended Complaint and incorporate edits re: same. | Rutschman, Debra |
| 9/30/2019 | 1.4 | $966.00 | Revise Motion to Dismiss Amended Complaint; confer with Chris Oprison re: issues related to dismissal. | Schlabach, Cole |
| 10/1/2019 | 5.7 | $5,073.00 | Review, revise updated Motion to Dismiss; update client and litigation team re same; prepare for, participate in meet/confer call with opposing counsel. | Oprison, Christopher |
| 10/1/2019 | 4.7 | $3,243.00 | Participate in meet/confer with opposing counsel re: Motion to Dismiss; revise Motion to Dismiss Amended Complaint; confer with Chris Oprison re: same. | Schlabach, Cole |
| 10/2/2019 | 0.8 | $552.00 | Finalize and file Motion to Dismiss Amended Complaint; advise client re: same. | Schlabach, Cole |
| 10/8/2019 | 0.3 | $207.00 | Review correspondence from opposing counsel re: patent trolling allegations; strategize re: response to same. | Schlabach, Cole |
| 10/9/2019 | 0.5 | $445.00 | Written communications with opposing counsel; provide status update to client. | Oprison, Christopher |
| 10/10/2019 | 0.2 | $138.00 | Strategize regarding potential response to opposing counsel inquiry re: patent troll allegations. | Schlabach, Cole |
| 11/1/2019 | 1 | $890.00 | Review, analyze Plaintiff's Response to Motion to Dismiss; confer with Cole Schlabach re: same. | Oprison, Christopher |
| 11/1/2019 | 0.4 | $276.00 | Review, analyze Plaintiff's Response to Motion to Dismiss; confer with Chris Oprison re: same. | Schlabach, Cole |
| 11/5/2019 | 3.7 | $2,553.00 | Prepare outline of Reply in Support of Motion to Dismiss. | Schlabach, Cole |
| 11/6/2019 | 6 | $4,140.00 | Draft Reply in Support of Motion to Dismiss; conduct supplemental research re: legal arguments. | Schlabach, Cole |
| 11/7/2019 | 2.8 | $1,932.00 | Continue drafting Reply in Support of Motion to Dismiss. | Schlabach, Cole |
| 11/11/2019 | 4.9 | $3,381.00 | Continue drafting Reply in Support of Motion to Dismiss; conduct supplemental research re: zone of interest issue. | Schlabach, Cole |
| 11/12/2019 | 2.5 | $1,725.00 | Revise Reply in Support of Motion to Dismiss. | Schlabach, Cole |
| 11/13/2019 | 2.4 | $1,656.00 | Continue revising Reply in Support of Motion to Dismiss; confer with Chris Oprison re: same. | Schlabach, Cole |
| 11/15/2019 | 0.2 | $138.00 | Confer with Chris Oprison re: Reply in Support of Motion to Dismiss; confer with client re: same | Schlabach, Cole |
| 11/18/2019 | 2 | $1,780.00 | Review, revise Reply in Support of Motion to Dismiss. | Oprison, Christopher |
| 11/18/2019 | 1.7 | $1,173.00 | Revise, finalize and coordinate filing of Reply in Support of Motion to Dismiss; confer with client re: same. | Schlabach, Cole |
| **TOTAL** | **88.6** | **$70,073.00** | | |

# EXHIBIT 2

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal National Mortgage Association,<br><br>                   Plaintiff,<br><br>vs.<br><br>Marshall E. Home; Independent Rights Party,<br><br>                   Defendants. | No. CV11-01227-PHX-DGC<br><br>**ORDER** |

    Plaintiff Federal National Mortgage Association ("Fannie Mae") brought its complaint (Doc. 1) after Defendants Marshall E. Home and Independent Rights Party used the name "Federal National Mortgage Association" to execute special warranty deeds transferring a number of Fannie Mae-owned properties to Defendants. On September 22, 2011, the Court entered default judgment against Defendants on all seven counts, found Plaintiff entitled to statutory damages in the amount of $141,200, entered a permanent injunction against Defendants, invalidated the special warranty deeds filed by Defendants, and cancelled Home's registration of the trade name "Federal National Mortgage Association" with the Arizona Secretary of State. Doc. 50. The Court granted Plaintiff's request to seek attorneys' fees in accordance with Local Rule of Civil Procedure 54.2. *Id.* at 5.

    Plaintiff has filed a motion for attorneys' fees and costs. Doc. 51. No response has been filed, and the time for filing one has passed. *See* LRCiv 54.2(b)(3).

Plaintiff seeks $70,192.50 in attorneys' fees and $1,219.00 in costs against Defendants pursuant to A.R.S. § 33-420(A). That section provides:

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property . . . reasonable attorney fees and costs of the action.

A.R.S. § 33-420(A).

Given the default judgment against Defendants on all counts in the complaint, including count three which alleged Defendants' wrongful efforts to claim an interest in and purport to hold title to the property evidenced by the special warranty deeds in violation of A.R.S. § 33-420(A), Plaintiff clearly is entitled to a fee award under that section. *See Allied Mortg. Group, Inc. v. Peter Strojnik, P.C.*, No. CV-08-0376, 2009 WL 2581400 at *5 (Ariz. App. Aug. 20, 2009). Having reviewed Plaintiff's supporting memorandum (Doc. 51, at 3-11) and counsel's declaration and statement of fees and costs (Docs. 51-1, 51-2, 51-3), the Court finds the requested fees and costs to be reasonable and appropriate.

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees and costs (Doc. 51) is **granted**.

2. Plaintiff is awarded attorneys' fees in the amount of **$70,192.50** and costs in the amount of **$1,219.00**.

Dated this 3rd day of January, 2012.

*David G. Campbell*
David G. Campbell
United States District Judge

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Veolia Transportation Services, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Lydia Evanson and Greg Evanson, husband and wife; John Does I-VII, <br><br> Defendants. | No. CV 10-01392-PHX-NVW <br><br> **ORDER** |

      The Court, having granted Plaintiff Veolia Transportation Services, Inc.'s Motion for Sanctions against Defendants Lydia Evanson and Greg Evanson (Doc. 97) and finding Evanson willfully destroyed evidence and otherwise acted in bad faith, having entered Default against the Evanson Defendants (Doc. 98), having reviewed Veolia's Motion for Attorneys' Fees and Costs, having reviewed the Affidavit of Aaron Goodman and Declaration of Kenneth Westbrook in Support of Plaintiff's Application for Default Judgment and Motion for Attorneys' Fees and Costs, having considered the evidence and argument of counsel at the default judgment hearing on February 16, 2012, and for good cause appearing,

      IT IS ORDERED ADJUDGED, AND DECREED that judgment is granted against Defendant Lydia Evanson and against the marital community of Lydia and Greg Evanson in favor of Plaintiff in the following amounts:

1.     $154,678.50 for damages relating to fees charged to Veolia by McMahon Berger.

3.     $40,579.68 for damages relating to fees charged to Veolia by Porter-Novelli.

4.     $323,490.74 for damages relating to Veolia's strike costs.

5.     $50,000.00 for punitive damages.

6.     $221,451.17 in reasonable attorneys' fees and $21,711.95 in costs pursuant to A.R.S. § 12-341.01(A) and the inherent power of the Court.

For a total sum of $811,912.04, plus interest from the date of this judgment at the rate of .12% per annum until paid in full.

IT IS FURTHER ORDERED ADJUDGED, AND DECREED that Defendants Lydia Evanson and Greg Evanson are permanently enjoined:

1.     From publishing or distributing any of Veolia's electronic or other documents, files, or data (in any format).

2.     From publishing or distributing any of Veolia's confidential business information to which Lydia Evanson became privy because of her employment position with Veolia.

2.     To return to Veolia by February 27, 2012, any and all of Veolia's electronic or other documents, files, or data (in any format) within their possession or control.

The Clerk shall terminate this case.

Dated this 17th day of February, 2012.

                        */s/ Neil V. Wake*
                        Neil V. Wake
                        United States District Judge