**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International LLC, | No. CV-18-04189-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| American Fitness Wholesalers LLC, | |
| Defendant. | |

Pending before the Court is Defendant American Fitness Wholesalers LLC's Motion to File Exhibit to Motion for Attorneys' Fees Under Seal (Doc. 37). The exhibit is Defendant's fee agreement. (*Id.* at 1). Defendant argues:

> A1 and its counsel consider this document confidential, at the very least, due to the sensitive nature of attorney-client communications and the scope and terms of counsel's engagement. The information contained in the fee agreement is not public and is sensitive to both A1 and its counsel. Moreover, there is little if any benefit that the public would glean from this document—certainly not enough to override the policy of maintaining such sensitive legal information in confidence.

(*Id.* at 2). This rationale is not sufficient to overcome "the presumption of public access to court filings." *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978))).

Specifically, the public has a right to know the amount that clients are paying in attorneys' fees—information that is not privileged. *See Linex Techs., Inc.*, 2014 WL 6901744, at *1. The Court will therefore deny the Motion (Doc. 37). *See Linex Techs., Inc.*, 2014 WL 6901744, at *1.

District of Arizona Local Rule of Civil Procedure 54.2(d)(2) provides, "[a] complete copy of any written fee agreement, or a full recitation of any oral fee agreement, must be attached to the supporting memorandum" when a party seeks attorneys' fees. LRCiv 54.2(d)(2). The Court is, however, sympathetic to the fact that the fee agreement lodged under seal (Doc. 38) contains confidential information that is not required by Local Rule 54.2(d)(2). Consquently, the Court will allow Defendant to file a redacted, unsealed, copy of the fee agreement that complies with Local Rule 54.2's requirements. *See Cheeks v. Gen. Dynamics Corp.*, No. CV-12-01543-PHX-JAT, 2014 WL 5465285, at *1, 3 (D. Ariz. Oct. 28, 2014). The Court cautions that failure to comply with Local Rule 54.2 will result in the denial of Defendant's Motion for Attorneys' Fees (Doc. 36). *Aviva USA Corp. v. Vazirani*, No. CV 11-0369-PHX-JAT, 2013 WL 4430921, at *7 (D. Ariz. Aug. 16, 2013). If Defendant cannot comply with Local Rule 54.2, it can withdraw the Motion for Attorneys' Fees (Doc. 36).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to File Exhibit to Motion for Attorneys' Fees Under Seal (Doc. 37) is **DENIED**. The Clerk of Court shall not unseal the associated document that is lodged under seal (Doc. 38) and instead leave said document (Doc. 38) lodged under seal.

///
///
///
///
///
///

**IT IS FURTHER ORDERED** that Defendant either file a redacted, unsealed, copy of the fee agreement that conforms with Local Rule 54.2's requirements or file a notice of its inability to do so by **Tuesday, April 7, 2020**.

Dated this 3rd day of April, 2020.

James A. Teilborg
Senior United States District Judge