**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International LLC, | No. CV-18-04189-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| American Fitness Wholesalers LLC, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Entry of Judgment (Doc. 57). The Court now rules on this motion.

**I.      BACKGROUND**

Plaintiff sued Defendant, filing a complaint on November 21, 2018. (Doc. 1). The Court dismissed the Complaint (Doc. 1) under Federal Rule of Civil Procedure 12(b)(1), and alternatively, under Rule 12(b)(6). (Doc. 25 at 19, 19 n.6). Plaintiff then filed an amended complaint. (Doc. 29). Defendant moved to dismiss the Amended Complaint (Doc. 29) and sought attorneys' fees. (Doc. 31). On April 7, 2020, the Court granted the Motion to Dismiss (Doc. 31) the amended complaint. (Doc. 34). The Court also found that Defendant was entitled to attorneys' fees incurred in filing the Motion to Dismiss (Doc. 31), but Defendant would need to submit a separate motion for attorneys' fees that complied with Local Rule of Civil Procedure 54.2. (Doc. 34). On January 10, 2020, judgment was entered in favor of Defendant, and the case was dismissed. (Doc. 35). On January 24, 2020, Defendant submitted a motion for attorneys' fees (Doc. 36), which the

Court granted. (Doc. 51).

Plaintiff appealed the Court's Orders dismissing the case and granting attorneys' fees. (*See* Docs. 41, 52). The Ninth Circuit affirmed the Court's orders, (*see* Doc. 58), and Defendant moved for an entry of judgment on the Court's order awarding attorneys' fees, (Doc. 57). Plaintiff did not oppose Defendant's motion. (Doc. 59).

## II.     ANALYSIS

Defendant seeks the entry of a separate judgment regarding the Court's award of attorneys' fees. (Doc. 57 at 1). Federal Rule of Civil Procedure 58(d) states that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." Rule 58(a)(3), however, indicates that "[e]very judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion: for attorney's fees under Rule 54."

The Court ordered Defendant to comply with Local Rule of Civil Procedure 54.2 when filing its motion for attorneys' fees. (Doc. 34). LRCiv 54.2 was designed to be consistent with Rule 54. *See* Fed. R. Civ. P. 83(a)(1). Because Defendant's motion for fees was made in a manner consistent with the procedures listed in Rule 54, the exception contained in Rule 58(a)(3) should apply. Thus, the Federal Rules do not require, and the Court need not enter, a separate judgment for an award of attorneys' fees. *S.L. ex rel. Loof v. Upland Unified Sch. Dist.*, 747 F.3d 1155, 1161 (9th Cir. 2014) ("A separate document is not required for an order disposing of a motion for attorney's fees under Federal Rule of Civil Procedure 54." (internal marks and alterations omitted)); *Padgett v. Loventhal*, No. 5:04-CV-03946-EJD, 2015 WL 6449389, at *1 (N.D. Cal. Oct. 26, 2015) ("When disposing of a motion for attorney's fees under Federal Rule of Civil Procedure 54, a separate document setting out judgment is not required."); *United States v. Bus. Recovery Servs., LLC*, No. CV 11-0390-PHX-JAT, 2012 WL 3064253, at *2 (D. Ariz. July 26, 2012) (holding that a separate judgment on an award of attorneys' fees under Rule 54 is not required).

The Court's conclusion here does not free Plaintiff from its obligation to pay

Defendant its attorneys' fees of $46,944 pursuant to the Court's Order of April 7, 2020. (Doc. 51). Defendant does not need a separate judgment to collect on its award of fees. Plaintiff is required to pay pursuant to the Court's earlier award of attorneys' fees. (*Id.*).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Defendant's Motion for Entry of Judgment (Doc. 57) as unnecessary.

Dated this 5th day of May, 2021.

James A. Teilborg
Senior United States District Judge